UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXARI SYSTEMS INC. and EXARI GROUP, INC.,,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON CORPORATE LLC,<br><br>　　　　　Defendant. | CASE NO. C15-356 MJP<br><br>ORDER ON CROSS-MOTIONS TO STAY AND/OR DISMISS AND/OR COMPEL ARBITRATION |

　　The Court, having received and reviewed:

1. Plaintiffs' Motion to Stay or Dismiss (Dkt. No. 20), Defendant's Response to Plaintiffs' Motion to Stay or Dismiss (Dkt. No. 34), Plaintiffs' Reply in Support of Plaintiffs' Motion to Stay or Dismiss (Dkt. No. 35);

2. Defendant's Motion to Stay Action Pending Arbitration (Dkt. No. 24), Plaintiffs' Response to Defendant's Motion to Stay Action Pending Arbitration (Dkt. No. 33), Defendant's Reply in Support of Defendant's Motion to Stay Action Pending Arbitration (Dkt. No. 36);

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Defendant's motion to stay action pending arbitration is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion to stay or dismiss is GRANTED; Defendant's request for declaratory relief will be STAYED pending the resolution of the remaining claims properly before this Court.

**Background**

The parties entered into a series of contracts in 2014 pursuant to an agreement that Plaintiff would provide Defendant with an automated contract-assembly system. Two parts of their written agreement are at issue here: (1) a Master Software License and Services Agreement (Dkt. Nos. 15-1 and 26-1, Ex. A; the "Master License Agreement" or "MLA"), and (2) an Escrow Service Agreement. (Dkt. Nos. 15-1 and 26-1, Ex. E; the "Escrow Agreement.")

The Master License Agreement references and incorporates terms of the Escrow Agreement. (Dkt. No. 26-1 at 7, ¶¶ 9.1, 9.2.) Pursuant to their agreements, Plaintiff placed a complete copy of the Software's source code with the escrow agent, Iron Mountain Intellectual Property Management.

Problems developed in the relationship; fault is not an issue at this point. On February 5, 2015, Plaintiff sent Amazon written notice of termination of the contract (Decl. of Foster, Dkt. No. 15 at ¶ 13, Ex. D [Dkt. No. 16-1]) and ceased providing services to Defendant. On February 6, 2015, Amazon sent a notice of breach to Plaintiff, along with notice that they would seek release of Plaintiff's source code in accordance with the Escrow Agreement. (Decl. of Foster, Dkt. No. 15 at ¶ 15.)

On March 9, 2015, Plaintiff filed the Complaint before the Court, asserting claims for breach of contract and copyright infringement. (Dkt. No. 1.) Defendant was not served with a copy of the complaint until March 17. (Dkt. No. 6.) In its answer, Defendant asserted

counterclaims for (1) breach of contract and (2) a declaratory judgment that Amazon is entitled to release of Plaintiff's source code from escrow (Dkt. No. 7 at 14-15.)

On March 11, 2015, Defendant filed an arbitration demand with the American Arbitration Association ("AAA") in Boston, asserting breach of contract, a declaratory judgment that Plaintiff breached the Agreement and an order directing Iron Mountain to release the source code. (Dkt. No. 26-2.) In response to the arbitration demand, Plaintiff denied Defendant's allegations and asserted an affirmative defense that it was permitted to terminate the Agreement because of Defendant's breach.

**Discussion**

At the heart of these cross-motions are two competing provisions of the Master License Agreement and the Escrow Agreement. The MLA's governing law provision states:

> **14.11  Governing Law…**. The parties hereby irrevocably consent to the exclusive jurisdiction and venue of the federal and state courts located at King County, Washington with respect to any claims, suits or proceedings arising out of or in connection with this Agreement.

MLA § 14.11 (Dkt. No. 15-1, Decl. of Foster, Ex. A.)

The Escrow Agreement, on the other hand, states that

> **¶ 13(n)** Any dispute, difference or question arising among any of the parties concerning the construction, meaning, effect or implementation of this Agreement or the rights or obligations of any Party will be submitted to, and settled by arbitration… in accordance with the Commercial Rules of the American Arbitration Association… in Boston, Massachusetts, USA.

Escrow Agreement ¶ 13(n) (Dkt. No. 26-1 at 29, Ex. E.)

The Escrow Agreement essentially states that, in the event of the occurrence of a "Release Condition," Iron Mountain will turn over the complete source code to Defendant. Both documents reference "Release Conditions:"

1  **MLA, § 9.2:** "Release of Source Code.  The Source Code placed in escrow will be delivered to Amazon for use in accordance with its rights under this Agreement upon occurrence of the following conditions (each, a "*Release Condition*"): (a) [Exari's] breach and failure to cure (for a period exceeding 30 days) any substantial, material obligation imposed on it pursuant to this License Agreement (and fails to cure the same for 30 days after written notice of Amazon's intent to invoke this provision)…"

**Escrow Agreement, Ex. E (Beneficiary Enrollment Form):** "*Release Conditions.* [Exari] and [Amazon] agree that a Work Request for the release of the Deposit Material shall be based solely on one or more of the following conditions (defined as "*Release Conditions*"): (a) [Exari's] breach and failure to cure (for a period exceeding 30 days) any substantial, material obligation imposed on it pursuant to this License Agreement (and fails to cure the same for 30 days after written notice of Amazon's intent to invoke this provision);…"

(Dkt. No. 26-1 at 9, 43.)(emphasis supplied).

The essentially simultaneous filing of this lawsuit and the arbitration request, combined with the cross-motions by each party to halt the legal initiative instituted by the other, force this Court to address the question of which proceeding takes precedence and in what order (and by what means) the claims of each party should be adjudicated.  It is the finding of this Court that the lawsuit initiated by Plaintiffs should proceed and the arbitration action, if it proceeds forward at all, must await the outcome of this litigation.

The controlling question is: under which agreement did this dispute arise?  The language of the Escrow Agreement is instructive in this regard.  That agreement subjects to arbitration "[a]ny dispute, difference or question arising among any of the parties *concerning the construction, meaning, effect or implementation of this Agreement* or the rights or obligations of any Party will be submitted to, and settled by arbitration…"  (Dkt. No. 26-1 at 29, Ex. E, ¶ 13(n).)(emphasis supplied.)  There can be no question that the "Agreement" referred to is the Escrow Agreement.

While the occurrence of a "breach and failure to cure (for a period exceeding 30 days) any substantial, material obligation imposed on it pursuant to this License Agreement" will

trigger a "Release Condition" upon which the surrender of the source code by the escrow agent is dependent, the Court finds that the existence of a "breach and failure to cure" a contractual obligation under the MLA does not constitute a "dispute, difference or question arising among any of the parties concerning the construction, meaning, effect or implementation of [the Escrow] Agreement" and thus questions addressed to any alleged breach of the Master License Agreement arise under the MLA and must be adjudicated according to the "Governing Law" provision of that contract.[1]

Where both arbitrable and non-arbitrable claims are before a court, the non-arbitrable claims should be stayed only when "the arbitrable claims predominate, or where the outcome of non-arbitrable claims will depend upon the arbitrator's decision." United Comm. Hub, Inc. v. Qwest Comm., Inc., 46 Fed. Appx 412, 415 (9th Cir. 2002). Similarly, the Federal Arbitration Act ("FAA") mandates the stay of a pending action if (1) a valid agreement to arbitrate is in place and (2) the dispute falls within the scope of that agreement. 9 U.S.C. § 3.

Those conditions are not met here. While neither party has challenged the validity of the arbitration provision of the Escrow Agreement, resolution of the dispute over which party breached the Master Licensing Agreement does not fall within the scope of that provision. The arbitrable claims do not predominate; in fact, this Court finds that the outcome of the arbitrable claims will likely depend on this Court's decision regarding liability for contractual breach, not the other way around. There are no grounds for staying the non-arbitrable claims under either

---

[1] The Court is aware that ¶ 13(n) of the Escrow Agreement also purports to cover "[a]ny dispute, difference or question arising among any of the parties concerning. . . the rights or obligations of any Party," but refuses to read into that phrase an intention to settle all questions concerning the parties' rights under all agreements by means of arbitration. The result would be that the Escrow Agreement would swallow the Master License Agreement and render its liability provisions meaningless, and the Court will not endorse such an outcome.

statutory or case law, and the outcome of any arbitration between these two parties must await the decision of this Court.

**Conclusion**

Defendant's motion requesting a stay of this action pending arbitration is DENIED. Plaintiff's motion to stay or dismiss Defendant's declaratory judgment counterclaim is GRANTED; the Court orders Defendant's declaratory judgment action in this Court STAYED pending resolution of the remaining claims in this lawsuit.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 9, 2015.

Marsha J. Pechman
United States District Judge