The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXARI SYSTEMS, INC. and EXARI GROUP, INC., <br><br>    Plaintiff, <br><br> v. <br><br> AMAZON CORPORATE, LLC, <br><br>    Defendant. | Case No. 2:15-CV-00356-MJP <br><br><br> **AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN** |
| AMAZON CORPORATE, LLC, <br><br>    Counter-claimant, <br><br> v. <br><br> EXARI SYSTEMS, INC. and EXARI GROUP, INC., <br><br>    Counter-defendants. | |

**AMENDED JSR & DISCOVERY PLAN**
**CASE NO. 15-cv-00356-MJP**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule CR 16 and this Court's Order of April 13, 2015 (Dkt. No. 18), Plaintiffs and Counter-Defendants Exari Systems, Inc. and Exari Group, Inc. (collectively, "Exari"), and Defendant and Counterclaimant Amazon Corporate, LLC ("Amazon"), submit this Amended Joint Status and Discovery Plan prior to the telephonic scheduling conference on July 22, 2015 (Dkt. No. 45).

**1.     Parties' Statement of Nature & Complexity of Case.** The parties respectfully refer the Court to the briefing on the parties' respective motions to stay (*see* Dkt. Nos. 20, 24, 33, 34, 35, & 36) and the parties' previously filed Joint Status Report and Discovery Plan (Dkt. No. 37) for a complete description of the factual background of this case.

**2.     Proposed Deadline for Joining Additional Parties.** July 1, 2015.

**3.     Whether the Parties Consent to Assignment to a Full-Time Magistrate.** No.

**4.     Jointly Proposed Discovery Plan**

**A.     FRCP 26(f) Conference and FRCP 26(a) Initial Disclosures.** The parties' Rule 26(f) conference took place telephonically on May 14, 2015. As a result of this conference, the parties agree that they have satisfied their obligations under Rule 26(f). The parties exchanged initial disclosures on May 18, 2015, and therefore do not request any change to the timing, form or requirement of initial disclosures required under Rule 26(a).

**B.     Subject, Timing, and Phasing of Discovery**

The Court has stayed Amazon's counterclaim for declaratory relief and ruled that Exari's claims for breach of contract, copyright infringement, and injunctive relief must be litigated in this action (Dkt. No. 44). Accordingly, the parties have met and conferred in an effort to reach agreement on an efficient and expedited case schedule for the adjudication of Exari's claim for breach of contract (including Exari's contention that it effected a valid termination of the parties' agreements) and Amazon's counterclaim for breach of contract. The parties' areas of agreement and respective positions regarding areas of disagreement are set forth below.

**AMENDED JSR & DISCOVERY PLAN**
**CASE NO. 15-cv-00356-MJP**
2
COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

*First*, the parties agree that Amazon's arbitrable claim for declaratory relief (*i.e.*, declaratory judgment that a "Release Condition" has occurred) will await the outcome of the Court's rulings on the parties' respective breach and termination claims.

*Second*, the parties disagree regarding bifurcation of the claims in this case: Amazon's position is that the parties' respective requests for relief—including both parties' requests for monetary damages and Exari's claim for injunctive relief—should be bifurcated and adjudicated after the parties' competing breach claims. Moreover, Amazon submits that Exari's claim for copyright infringement should also be bifurcated and adjudicated after the rulings on the parties' breach-of-contract claims because the viability of Exari's copyright claim depends on a ruling in Exari's favor on the breach and termination issues.  Exari's copyright claim also arises from a separate body of operative facts, in that Amazon's alleged use of the Exari software could exceed the scope of the license in the MSA and thus could infringe Exari's copyrights only if Exari validly terminated the MSA and Amazon's license therein based on Amazon's alleged breach. Accordingly, Amazon submits that bifurcating Exari's copyright claim will allow for a more efficient trial in fewer days than would otherwise be necessary.

Exari's position is that bifurcation is unnecessary and merely makes it more likely that this case will have to go to trial twice—once on contract claims, and again on copyright claims. It is Exari's belief that Amazon is currently using the Exari software in violation of its license agreement.  The validity of this assertion does not depend upon Exari's breach of contract claim. The only justification for Amazon's position on bifurcation might be found in the Iron Mountain Three-Party Master Depositor Escrow Service Agreement ("Escrow Agreement") (*see* Dkt. No. 26, Ex. A).  The Escrow Agreement enumerates certain "release conditions" (*see* Exhibit C to the Escrow Agreement), which determine whether Exari's source code should be released to Amazon and, if so, the scope of the release.  The Escrow Agreement does not, however, determine the scope the license which was *initially* granted to Amazon by Exari.  Thus, the determination of whether Amazon breached its contract with Exari, or whether Exari breached the contract (although it *might* influence the arbitrator's determination of whether a "release

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

3

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

condition" occurred), is not a condition-precedent to determining the validity of Exari's claim for copyright infringement in this action. Exari's position is that discovery and trial will both be more efficient if the case is not bifurcated.

*Third*, the parties agree that they will each seek discovery in this case regarding (1) the claims and allegations in Exari's Complaint; (2) Amazon's affirmative and other defenses thereto; (3) Amazon's counterclaim for breach of contract; (4) Exari's affirmative and other defenses thereto; and (5) expert witnesses identified by the parties.

*Fourth*, the parties disagree on whether discovery should be expedited: Exari's position is substantially the same as in the parties' original Joint Status Report (*see* Dkt. No. 37), wherein the parties agreed to complete fact discovery by December 18, 2015, and expert discovery by February 26, 2016. Because Exari does not believe bifurcation of this case is appropriate or that it is more efficient, Exari wishes to proceed along substantially the same timing as what was initially agreed upon (although Exari would be agreeable to moving up both deadlines by a few weeks, in order to allow for an earlier trial date).

Amazon's proposed bifurcation of the case, in which the parties' breach claims would be tried first, is reflected in the proposed discovery and case schedule attached as Appendix A. Amazon proposes that the parties meet and confer following the first phase of the case regarding the need to conduct any additional discovery regarding Exari's copyright-infringement claim and/or the parties' requests for monetary or injunctive relief.[1]

**C.     Electronically Stored Information.** The parties have met and conferred regarding the collection and production of electronically stored information and a protocol governing the form of productions. The parties will further meet and confer as discovery progresses to determine whether a formal stipulation or agreement such as the District's Model Protocol for Discovery of ESI in Civil Litigation is necessary.

---

[1] If the Court does not adopt the proposed schedule in Appendix A, Amazon proposes in the alternative that the Court set a trial date in April 2016, as Amazon proposed in the previously filed Joint Status Report (*see* Dkt. No. 37, at 7).

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

4

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

**D. Privilege Issues.** The parties agree to comply with the requirements of Rule 26(b)(5), and to produce responsive, partially-privileged documents by redacting the privileged portion(s) and producing the remainder. The parties will meet and confer as discovery progresses regarding privilege logs, issues of confidentiality, and inadvertent production of privileged information, and anticipate filing a stipulated protective order relating to these issues.

**E. Limitations on Discovery.** The parties do not believe that any limitations regarding written discovery beyond those already imposed by the Federal Rules of Civil Procedure and the Local Civil Rules are necessary in this action.

Exari's position is that no limitations regarding additional discovery (depositions, experts, etc.) should be imposed beyond those already imposed by the Federal Rules of Civil Procedure at this time. Exari does not believe that Amazon has been able to articulate with specificity the basis for its breach of contract claim (*i.e.*, the deficiencies in Exari's software solution which led Amazon to withhold payment). As a result, Exari's position is that it is not fully able to analyze and understand Amazon's claims, and therefore cannot at this time predict how many fact witnesses and how many expert witnesses might be necessary in defense of those claims (and, likewise, in pursuit of its affirmative breach of contract and copyright infringement claims). If, after initial discovery, it becomes possible for Exari to more precisely understand the number of witnesses it will need to depose, and experts it will need to retain, Exari is willing to meet and confer with Amazon on a more specific plan to limit discovery. At this time, however, Exari believes that such a determination is premature.

Amazon submits that its counterclaim for breach of contract is pleaded with more-than-adequate detail, and that Exari is well familiar with the factual and legal bases for Amazon's claim. Amazon's position is that, prior to a first-phase trial regarding breach of contract claims, each side should be limited to three percipient-witness depositions, one deposition of a corporate designee per Fed. R. Civ. P. 30(b)(6), one deposition of the opposing party's expert witness, and one third-party deposition. The parties would then meet and confer following trial regarding the

**AMENDED JSR & DISCOVERY PLAN**
**CASE NO. 15-cv-00356-MJP**

5

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

need to conduct any additional discovery regarding Exari's copyright-infringement claim and the parties' requests for monetary or injunctive relief.

**F.     Additional Orders.**  The parties anticipate jointly requesting that the Court approve and enter a stipulated protective order pursuant to LCR 26(c).  Any such stipulated protective order will be based on the District's Model Form.

5.     **Local Civil Rule 26(f)(1)**

**A.     Statement Regarding Early Resolution.**  The parties have engaged in preliminary settlement discussions (including prior to the filing of this action), with discussions ongoing.  The parties are currently negotiating a potential early mediation prior to either party incurring significant costs in discovery; the parties will advise the Court if a mediation is scheduled.

**B.     Type of ADR.**  The parties agree that mediation would be the appropriate form of ADR for this case.

**C.     Related Cases.**  Amazon has made an arbitration demand with the American Arbitration Association in Boston, Massachusetts, pursuant to the parties' Escrow Agreement captioned *Amazon Corporate, LLC v. Exari Systems, Inc., and Iron Mountain Intellectual Property Management, Inc.*, No. 01-15-0002-8753.  The parties have agreed that the adjudication of Amazon's claim for declaratory relief in the pending arbitration will await the outcome of the parties' competing breach claims in this action (*see* Section 4.B, *supra*).

**D.     Discovery Management.**  The parties have agreed to conduct discovery in a manner that minimizes expenses and avoids duplication of efforts or inefficiencies, including an agreement to electronic (e-mail) service of all discovery requests and responses, as well as any other non-ECF-filed documents (other than original process).  *See also* Section 4.E, *supra*.

**E.     Anticipated Discovery Sought.**  Please see Section 4.B, *supra*.

**F.     Phasing Motions.**  As set forth in its proposed case schedule (Appendix A), Amazon proposes that dispositive motions be phased to address the parties' breach-of-contract claims for prior to trial on those claims.  To accommodate its proposed

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

6

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

schedule, Amazon further proposes that the parties submit any pretrial dispositive motions relating to their respective breach-of-contract claims via one or more joint-submissions pursuant to LCR 37(a)(2), but with leave from the 12-page limit in LCR 37(a)(2)(E).  Amazon further proposes that the parties meet and confer following trial on the breach-of-contract claims regarding the timing and necessity of any motions directed to Exari's copyright-infringement claim and either party's requests for monetary or injunctive relief.

Exari's position is that phasing is not necessary, consistent with its position opposing bifurcation of the case.

G. **Preservation of Discoverable Information.**  The parties have conferred and have assured each other that appropriate steps have been taken to preserve relevant evidence, including ESI.  No Court intervention is necessary on this issue at this time.

H. **Procedures for Inadvertent Disclosure.**  The parties will negotiate and submit a stipulated protective order which will, among other topics, address agreed-upon procedures regarding inadvertent disclosure.

I. **ESI.**  Please see Section 4.C, *supra*.

J. **Alternatives to Model Protocols for Discovery of ESI.**  Not applicable (*see* Section 4.C, *supra*).

6. **Date for Completion of Discovery.**  Please see Section 4.B, *supra*.

7. **Bifurcation of Trial.**  Please see Sections 4.B & 4.E, *supra*.

8. **Pretrial Statement and Pretrial Order.**  The parties agree to comply with the requirements of Local Rules CR 16(e), (h), (i), and (k), and 16.1.  The parties do not waive the Pretrial Statement and Pretrial Order requirements.

9. **Individualized Trial Program.**  The parties do not intend to utilize the Individualized Trial Program set forth in LCR 39.2, and do not agree to the LCR 39.1 procedures at this time.

10. **Suggestions for Shortening or Simplifying Case.**  Except as set forth herein, the parties do not have any additional suggestions for simplifying or shortening the case.

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

7

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

**11.     Trial Readiness.** Exari's position is that the parties will need time for possible dispositive motions after the close of discovery in order to narrow the scope of a trial. Exari therefore requests a trial date in late May or early June 2016. As set forth in Amazon's proposed case schedule, attached hereto as Appendix A, Amazon's position is that the first phase of the case can be ready for trial in late January 2016.

**12.     Jury Trial.** Exari has demanded trial by jury.

**13.     Length of Trial.** Exari's position is that this case can be tried in 7–10 days (depending on the outcome of anticipated dispositive motions). Amazon's position is that the first phase of the case (if the Court orders bifurcation) on the parties' breach-of-contract claims can be tried in three days. Amazon has proposed, and the parties have met and conferred with respect to the possibility of, presenting all witnesses' direct testimony via affidavit or declaration, with cross-examination and re-direct to occur via live testimony. At this time there is no agreement on that proposal, but the parties agree to meet and confer again prior to trial with respect to this issue.

**14.     Names and Addresses of All Counsel.** Please see the signature blocks below, which include the names, addresses, and telephone numbers of all trial counsel presently admitted.

**15.     Conflicts to Consider When Setting Trial Date.** The parties currently do not have any conflicts during the respective proposed trial dates. Should any further conflicts arise, the parties will inform the Court at an appropriate time sufficiently in advance of the trial date to resolve trial scheduling conflicts.

**16.     Service.** Amazon was served on March 17, 2015 (*see* Dkt. No. 6).

**17.     Scheduling Conference.** The parties do not request a scheduling conference.

**18.     Corporate Disclosure Statements.** Exari filed its Corporate Disclosure Statement on March 9, 2015 (Dkt. No. 2). Amazon filed its Corporate Disclosure Statement on April 7, 2015 (Dkt. No. 8).

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

8

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

19. **Judiciary's Pilot Project on Cameras in the Courtroom.** The parties do not consent to having any hearings or trials in this matter video recorded.

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

9

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

APPENDIX A

Amazon's Proposed Case Schedule

| Event | Date |
|---|---|
| Start of Discovery | July 20, 2015 |
| Fact Discovery Cut-Off | Oct. 16, 2015 |
| Affirmative Expert Disclosures & Expert Reports | Oct. 2, 2015 |
| Rebuttal Expert Disclosures & Expert Reports | Nov. 6, 2015 |
| Dispositive Motions filed (joint submissions per LCR 37(a)(2)) | Nov. 20, 2015 |
| Motions in Limine filed (joint submission per LCR 37(a)(2)) | Dec. 23, 2015 |
| Proposed Pretrial Order filed | Dec. 23, 2015 |
| Pretrial Conference | TBD |
| Trial Briefs / Prop. Voir Dire Questions & Jury Instructions | Jan. 19, 2016 |
| **Trial on Breach-of-Contract Claims (3 days)** | **Jan. 26, 2016** |
| Status Conference re Copyright Claim & Remedies Phase (approx. 45 days after trial) | TBD |

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

10

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

DATED this 29th day of July, 2015.

        COOLEY LLP

        By:  */s/ Christopher B. Durbin*
        Christopher B. Durbin, WSBA # 41159
        Kevin W. Reed, WSBA # 41254
        1700 Seventh Ave., Suite 1900
        Seattle, WA 98101-1355
        Telephone: (206) 452-8700
        Email: cdurbin@cooley.com
          kreed@cooley.com

        Michael N. Sheetz (*pro hac vice*)
        Connor R. Cobean (*pro hac vice*)
        COOLEY LLP
        500 Boylston Street, 14th Floor
        Boston, MA 02116-3736
        Telephone: (617) 937-2300
        Email: msheetz@cooley.com
          ccobean@cooley.com

        Attorneys for Defendant AMAZON CORPORATE, LLC

        NELLERMOE WRENN PLLC

        By:  */s/ Andrew N. Sachs*
        Andrew N. Sachs, WSBA #38454
        Two Union Square
        601 Union St., Suite 5305
        Seattle, WA  98101
        Telephone: (206) 395-7630
        Fax: (206) 447-9374
        Email:  asachs@nellermoewrenn.com

        BLA SCHWARTZ PC

        Irwin B. Schwartz (*pro hac vice*)
        John V. Komar (*pro hac vice*)
        One University Ave., Suite 302B
        Westwood, MA 02090
        Telephone: (781) 636-5000
        Email: ischwartz@blaschwartz.com
          jkomar@blaschwartz.com

        Attorneys for Plaintiffs EXARI SYSTEMS, INC. and EXARI GROUP, INC.

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP
11
COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| Andrew N. Sachs (WSBA No. 38454)<br>NELLERMOE WRENN PLLC<br>Two Union Square<br>601 Union Street, Suite 5305<br>Seattle, Washington 98101<br>Tel.: (206) 395-7630<br>Fax: (206) 447-9374<br>Email: asachs@nellermoewrenn.com<br><br>Attorneys for Plaintiffs Exari Systems, Inc. and Exari Group Inc. | Irwin B. Schwartz (pro hac vice)<br>John V. Komar (pro hac vice)<br>One University Ave., Suite 302B<br>Westwood, MA 02090<br>Telephone: (781) 636-5000<br>Email: ischwartz@blaschwartz.com<br>         jkomar@blaschwartz.com<br><br>Attorneys for Plaintiffs Exari Systems, Inc. and Exari Group Inc. |

                                                /s/   Christopher Durbin
                                                  Christopher B. Durbin

119771083

AMENDED JSR & DISCOVERY PLAN
CASE NO. 15-cv-00356-MJP

12

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700